## CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH

Bojar Co.

v.

Lenox, Inc.

September 9, 1980

Case No. (Law) L-7403

By JUDGE HENRY L. LAM

The issue presented is whether a foreign corporation, not domesticated in Virginia, may bring suit against a Virginia person or corporation in the Virginia courts for a debt alleged to be due the foreign corporation.

In studying this issue, I find that the usual complaint raised by a defendant has generally been predicated upon jurisdiction acquired under the "Long Arm Statutes." The defense complaint there raised is the opposite of the defense raised in this case.

Normally, the concern of the defendant is that of being called to answer to a claim raised in a foreign jurisdiction, because of the foreign atmosphere and the cost of litigation. The defendant's posture is one of desiring to be tried in his home state. The "Long Arm Statute," which most states have adopted, are designed to convey jurisdiction against a nonresident. Most of the case law arising therefrom pertains to the issue of whether the defendant was actually pursuing or doing business within the state of the plaintiff. A showing of sufficient business has been held to be a basis jurisdiction beyond the border of that state.

As previously mentioned, here we have the opposite situation. Here the foreign plaintiff has come to Virginia and instituted suit against the defendant in his "home" court.

I concur with the view stated by Mr. Steingold in his brief; to wit that there is an absence of case law on the subject probably because the defendant prefers to defend in his home forum.

On the issue before me, I therefore rule that the plaintiff may proceed with the action filed in this court.